**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4646

MICHAEL SCOTT MCRAE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-97-94-H)

Submitted: July 27, 1999

Decided: August 17, 1999

Before WILKINS, HAMILTON, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith A. Williams, Greenville, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, John Howarth Bennett, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Scott McRae appeals his criminal conviction and sentence for conspiring to distribute controlled substances and to possess the same with the intent to distribute in violation of 21 U.S.C. § 846 (1994). We affirm.

McRae first argues that the district court erred in denying a motion to set aside his conviction in the district court, based upon his contention that the Government violated the federal anti-bribery statute, 18 U.S.C. § 201(c)(2) (1994), by entering into plea bargains and other agreements with many of the witnesses called to testify against him, citing United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998). As McRae is forced to concede, this panel decision was later reversed by an en banc decision, United States v. Singleton , 165 F.3d 1297 (10th Cir. 1999), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3772 (U.S. June 21, 1999) (No. 98-8758). This court has not adopted the rule announced in the vacated panel decision of Singleton, and we decline to do so in this case. Accordingly, we find no violation of § 201 and conclude that the district court did not err in denying McRae's motion.

McRae next asserts that the district court erred in denying his motion for a mistrial on the basis of a violation of a suppression order. We have reviewed the testimony which is alleged to have been solicited in violation of this order and find no error in the district court's determination that there was no reasonable probability that the jury's verdict would be influenced by this testimony, which was elicited initially by the Defendant. See United States v. Barnes, 747 F.2d 246, 250 (4th Cir. 1984) (providing standard for determining prejudicial testimony).

At sentencing, the district court enhanced McRae's offense level for obstruction of justice via perjury. McRae contends that the district

2

court made insufficient findings to support this enhancement. In order to enhance a defendant's offense level for perjury following an objection on that basis, a district court must review the evidence and "make independent findings necessary to establish a willful impediment to or obstruction of justice." United States v. Smith, 62 F.3d 641, 647 (4th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87 (1993)). When engaging in this review, it is preferable for the court to address, in a separate finding, each individual element of perjury-- (1) false testimony, (2) concerning a material matter, and (3) made with the intent to deceive. See id. However, if the court's singular finding encompasses all of these necessary factual predicates, the enhancement is sufficiently justified. See id. Upon review of the record, we find that the district court's individualized statements, coupled with its response to the Government's request for the court to articulate the required findings, is sufficient to satisfy the requirements of Dunnigan and Smith.

McRae also challenges the district court's application of a two-point enhancement under U.S. Sentencing Guidelines Manual § 2D1.1 (1997), for possession of a dangerous weapon, specifically a firearm, during a drug trafficking offense. Our review discloses no error in this enhancement as we conclude that the evidence was sufficient to attribute the possession and use of a firearm by one of McRae's associates to him through the principles of relevant conduct. See USSG § 1B1.3; United States v. White, 875 F.2d 427 (4th Cir. 1989).

McRae next argues that the district court erred in denying several pre-trial motions to dismiss which alleged violations of the Speedy Trial Act, the Sixth Amendment's guarantee of a speedy trial, the Interstate Agreement on Detainers, and the Double Jeopardy Clause. Our review of the record reveals no violation of these provisions and therefore no error in the district court's denial of McRae's motions.

Finally, McRae has filed numerous motions to file and amend pro se supplemental briefs and to allow the National Legal Professional Associates (NLPA) to file a brief on his behalf. We grant McRae's motions to file and amend his pro se supplemental briefs, but find each of the claims raised therein to be meritless. Given this finding, we deny his motion to allow the NLPA to submit an additional brief on these issues.

3

Finding no merit in McRae's assertions of error, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4